UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                                    CIVIL ACTION

VERSUS

**U.S. DEPARTMENT OF VETERANS
AFFAIRS, ET AL.**                                                   NO. 23-00090-BAJ-SDJ

### RULING AND ORDER

Before the Court is the United States' **Motion to Dismiss (Doc. 9)**, which requests dismissal of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(5). Plaintiff opposes the Motion. (Doc. 11). The United States has filed a Reply. (Doc. 12). The United States' arguments regarding insufficiency of process are ultimately dispositive, and so the below does not address the United States' Rule 12(b)(1) or 12(b)(2) defenses.

For the reasons stated herein, the United States' Motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

Plaintiff sued the U.S. Department of Veterans Affairs ("VA") and a physician working in one of their clinics, Dr. Anthony Marsh, in his individual capacity, for negligence on February 9, 2023. (Doc. 1). The Court issued summons on March 16, 2023. (Doc. 4). After several months, Plaintiff asserted that he had delivered copies of the complaint and summons to Defendants with no response, and moved for the U.S. Marshals Service of the Middle District of Louisiana to serve Defendants. (Doc.

6). Plaintiff's request was denied. (Doc. 13). Plaintiff objected to this denial, and asserts that service requirements as to Dr. Marsh have been satisfied by service on the U.S. Attorney for the Middle District of Louisiana, and by Dr. Marsh's alleged receipt of Plaintiff's complaint and summons. (Doc. 18). Plaintiff has provided evidence of attempted service on the U.S. Attorney for the Middle District of Louisiana, (Doc. 15), and provided receipts from the United States Postal Service purporting to show that materials were sent to the VA, (Doc. 7). Plaintiff also avers that he has sent copies of the summons and complaint to a VA clinic where Dr. Marsh presumably works. (*Id.*). The United States has repeatedly objected to the sufficiency of service on Defendants in this matter, (Docs. 9, 12, 19), and the Court has issued multiple warnings to the same effect, (Docs. 13, 17). Finally, Plaintiff has filed an additional objection to Defendants' Motion to Dismiss, in which he requests that the Court order Dr. Marsh to show why he has not filed any responsive pleadings to date. (Doc. 21).

## II.  LAW AND ANALYSIS

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made. The district court has broad discretion in determining whether to dismiss an action for ineffective service of process." *Trimble v. Strength*, No. 20-355, 2022 U.S. Dist. LEXIS 39693 (M.D. La. Jan. 25, 2022) (internal citations omitted). "[W]hen the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may be properly

dismissed." *See Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344-45 (5th Cir. 2007) (*citing Rochon v. Dawson*, 828 F.2d 1107, 1109-10 (5th Cir. 1987)).

The Federal Rules of Civil Procedure provide clear guidance as to how to serve each Defendant here. Rule 4(i) states that to sue a federal agency, service must be performed on 1) the local U.S. Attorney, 2) the U.S. Attorney General, and 3) the agency itself. Fed. R. Civ. P. 4(i); *Wiley v. Dep't of Veterans Affs.*, 848 F. App'x 886, 887 (11th Cir. 2021). Service on these entities can be performed as follows:

Service on the local U.S. Attorney can be performed by sending a copy of the summons and complaint to the civil process clerk for the appropriate office via certified or regular mail. Service on the local U.S. Attorney can also be performed by delivering a copy of the summons and complaint to the U.S. Attorney, assistant U.S. Attorney, or clerical employee whom the United States Attorney designates in a writing filed with the court clerk. Fed. R. Civ. P. 4(i)(1).

Service on the U.S. Attorney General can be performed by sending a copy of the summons and complaint by registered or certified mail to the Attorney General in Washington, D.C. *Id.*

Finally, service on the VA can be performed by sending a copy of the summons and complaint to the VA via certified or registered mail. *Id.*

As relating to service on Dr. Marsh, when a plaintiff sues a United States employee in an individual capacity, a copy of the summons and complaint must be personally delivered to the employee, posted to the employee's home with some person of suitable age and discretion residing therein, or delivered to an agent authorized by

3

appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Alternatively, service on a United States employee can be sufficient when such service follows the state law serving a summons in the state in which the district court is located or service is made. *Id.* Here, the Court would apply Louisiana state law to determine whether service was properly made on Dr. Marsh. However, Plaintiff is advised that service by certified mail to Dr. Marsh's place of employment is not sufficient service under Louisiana state law. *Roper v. Dailey*, 393 So. 2d 85, 88 (La. 1981) ("A party can be validly served at his place of business only by citation served on the party personally.").

To be abundantly clear, Plaintiff must perform service on *each* of the U.S. Attorney, the U.S. Attorney General, and the VA to proceed with his claims. Fed. R. Civ. P. 4(i)(1). Further, to the extent Plaintiff wishes to proceed with suing Dr. Marsh in his individual capacity, Plaintiff must comply with the service requirements set forth above. *See* Fed. R. Civ. P. 4(e). Service to the U.S. Attorney does *not* obviate the need to serve Dr. Marsh.

Despite bearing the burden of demonstrating the validity of service, and despite needing to serve each Defendant separately and as outlined above, Plaintiff has only provided evidence that service was attempted on the local U.S. Attorney. (Doc. 15). Plaintiff's blanket assertions that he has sent the respective complaint and summons to the other proper recipients, (Doc. 6), are not sufficient, particularly considering the uncontroverted declaration of the Contracting Officer Representative for the U.S. Department of Justice stating that the U.S. Attorney General has not

been served by certified mail, (Doc. 9-3). Plaintiff has also failed to provide any evidence that Dr. Marsh was served in an acceptable manner.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to complete service no later than 90 days after the complaint is filed. Roughly one year has passed since Plaintiff filed his complaint, and Plaintiff has still failed to prove that he completed service.

The Court "must extend the time for service for an appropriate period" if a plaintiff establishes good cause for the failure to effect service within the time set forth in Rule 4(m). Fed. R. Civ. P. 4(m). Otherwise, the Court must dismiss the action without prejudice. *Id.* No good cause exists here. Plaintiff was made aware of potential service deficiencies over 100 days ago, on October 30, 2023, through the United States' Motion to Dismiss. (Doc. 9). Plaintiff was notified of actual service deficiencies by the Court on two separate occasions. (Docs. 13, 17). Plaintiff has still failed to put forth sufficient evidence of Plaintiff's efforts to properly serve Defendants, and the failure of effective service can only be ascribed to Plaintiff's "inaction." *Rochon v. Dawson*, 828 F.2d at 1109-10. For these reasons, Plaintiff's claims must be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the United States' Motion to Dismiss (Doc. 9) be and is

hereby **GRANTED**, and that Plaintiff's claims be and are hereby **DISMISSED WITHOUT PREJUDICE**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 20th day of February, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

6